IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEO BRANDON FARNSWORTH,       )<br>    Plaintiff,                                  )<br>                                                    )<br>v.                                                )<br>                                                    )<br>RALPH S. NORTHAM, et al.,         )<br>    Defendants.                            ) | Civil Action No. 7:21-cv-00463<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Leo Brandon Farnsworth, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and asserting related claims under Virginia law.[1] Defendants Ralph Northam, Harold Clarke, Melvin Davis, and Brian Moran have moved to dismiss Farnsworth's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 34 and 42. Farnsworth has responded to the motions, ECF Nos. 41 and 47, and they are ripe for review. For the reasons set forth below, the motions are granted as to Farnsworth's federal claims, and the court declines to exercise supplemental jurisdiction over his claims under state law.

**I.    Background**

Farnsworth is incarcerated within the Virginia Department of Corrections ("VDOC"). His second amended complaint attempts to set forth four sets of claims. The first set is

---

[1] This case was severed from another case filed by Farnsworth, Civil Action No. 7:20-cv-00264. By order entered September 2, 2021, Farnsworth was directed to file an amended complaint in this case that contains only his religious exercise claims. See ECF No. 1-1. After filing an amended complaint, Farnsworth requested leave to file a second amended complaint. That motion was granted on July 29, 2022, ECF No. 31, and Farnsworth filed his second amended complaint in a timely manner.

asserted against Ralph Northam, the former Governor of Virginia. Farnsworth alleges that on or about March 16, 2020, Northam "ordered the closure of all religious gatherings." 2d Am. Compl., ECF No. 33, at 2. Farnsworth claims that he was "denied access to practice his faith as a Protestant" as a result of the Executive Order, in violation of the First Amendment, RLUIPA, and the Constitution of Virginia.[2] Id. at 2–3.

Farnsworth's second set of claims is asserted against Brian Moran, the former Secretary of Public Safety. He alleges that on or about March 16, 2020, Moran "instructed all VDOC institutions to cease all religious activities, in violation of state/federal laws." Id. at 2.

In his third set of claims, Farnsworth alleges that on or about March 16, 2020, VDOC Director Harold Clarke "issued a memorandum that closed all state institutional worship services" based on the Governor's Executive Order. Id. at 4. Farnsworth claims that the memorandum violated "federal/state laws." Id.

Farnsworth's fourth set of claims is asserted against Melvin Davis, the former Warden of Green Rock Correctional Center, where Farnsworth was previously incarcerated. Farnsworth asserts that on or after March 16, 2020, Davis "acted individually to deprive Farnsworth[ of his] rights to practice his faith." Id. Following a series of unrelated allegations against non-defendants, Farnsworth alleges that his "Holy Bible was removed from his person [several times]" as a result of his custody status. Id. at 5–6.

Farnsworth seeks to recover damages in the amount of $15 million dollars. Id. at 2. He also seeks unspecified injunctive relief. Id.

---

[2] Although Farnsworth does not specifically mention COVID-19, it is clear from his allegations that he is referring to an Executive Order issued in response to the pandemic. See, e.g., Compl. at 4 (noting that the "Center for Disease Control authorized the closing of all religious facilities publicly and institutionally").

2

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (quoting Twombly, 550 U.S. at 555, 557).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). ). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## III. Discussion

### A. Claims under § 1983

Farnsworth filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

3

42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284-85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff's rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). Having reviewed the second amended complaint in accordance with applicable law, the court concludes that Farnsworth has failed to plead facts sufficient to establish that any of the defendants violated his rights under the First Amendment or RLUIPA.

The Free Exercise Clause of the First Amendment "requires prison officials to reasonably accommodate an inmate's exercise of sincerely held religious beliefs." Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). "In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion."[3] Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018). "A practice or policy places a substantial burden on a person's religious exercise when it 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Id. (quoting Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981)). In other words, "a substantial burden is more than an inconvenience and is akin to significant

---

[3] If a plaintiff establishes that a prison policy or practice substantially burdens his ability to practice his religion, the policy or practice will nonetheless withstand a First Amendment challenge "if the government can demonstrate that it 'is reasonably related to legitimate penological interests.'" Carter, 879 F.3d at 139–40 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Dorman v. Chaplains Office BSO, 36 F.4th 1306, 1314 (11th Cir. 2022) (internal quotation marks and citation omitted).

RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." Holt v. Hobbs, 574 U.S. 352, 356 (2015); see also 42 U.S.C. § 2000cc-1. While RLUIPA does not define "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that the term has the same meaning as it does in the context of the First Amendment. Greenhill, 944 F.3d at 250.

In moving to dismiss Farnsworth's claims under the First Amendment and RLUIPA, the defendants argue that he has not plausibly alleged that they took any action that substantially burdened his ability to practice his religion. After reviewing the second amended complaint, the court agrees. Although he seeks to hold the defendants responsible for allegedly suspending in-person religious services, gatherings, and activities, he does not describe how the inability to attend such events burdened his ability to practice his Protestant beliefs, much less imposed a substantial burden. Farnsworth's conclusory assertion that he was "denied access to practice his faith" is insufficient to withstand review under Rule 12(b)(6). See Iqbal, 556 U.S. at 678 (emphasizing that "mere conclusory statements" do not suffice); see also Hamilton v. Hernandez, 500 F. App'x 592, 594 (9th Cir. 2012) (holding that an inmate's "conclusory allegations that prison officials refused to allow him and others to attend Sabbath

5

services" and "limited his chapel time" were insufficient to state a claim under RLUIPA and the First Amendment).

The second amended complaint also fails to state a claim against Davis for the alleged removal of Farnworth's Bible on "several" occasions. Once again, the pleading offers no indication as to how the removal of his Bible substantially burdened his ability to practice his religion. See, e.g., Herron v. McCoy, No. 7:19-cv-00049, 2019 WL 527517, at *2 (W.D. Va. Feb. 11, 2019) (holding that the complaint did not state a violation of the Free Exercise Clause since the plaintiff did not "indicate how his inability to possess his Bible for a few weeks [had] substantially burdened his practice of sincere, religious beliefs"). Additionally, Farnsworth does not allege any facts from which the court can reasonably infer that Davis was personally involved in removing the Bible from his possession.

For these reasons, the court concludes that Farnsworth has failed to state a cognizable violation of his rights under the First Amendment or RLUIPA. Therefore, the federal claims are subject to dismissal under Rule 12(b)(6). Because it may be possible for Farnsworth to allege additional facts to cure the deficiencies identified above, the court will dismiss the federal claims without prejudice and permit Farnsworth to file a third amended complaint.[4]

B. **Claims under State Law**

---

[4] If Farnsworth chooses to file a third amended complaint, he is advised that monetary damages are unavailable under RLUIPA. See Sossamon v. Texas, 563 U.S. 277, 288 (2011); Rendelman v. Rouse, 569 F.3d 182, 184 (4th Cir. 2009). Instead, a plaintiff "can only obtain equitable relief" for a RLUIPA violation. Burke v. Clarke, 842 F. App'x 828, 836 (4th Cir. 2021). And "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman, 569 F.3d at 186 (collecting cases).

In light of the court's disposition of the federal claims, the court declines to exercise jurisdiction over any claims under state law and will dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). If Farnsworth elects to file a third amended complaint under § 1983, he may reassert any related claims under state law that he believes are supported by the factual allegations.

## IV.  Conclusion

For the reasons set forth herein, the defendants' motions to dismiss, ECF Nos. 34 and 42, are **GRANTED** with respect to Farnsworth's claims under the First Amendment and RLUIPA, and the court **DISMISSES** those claims without prejudice. The court **DISMISSES** the remaining claims under state law without prejudice pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order will be entered.

Entered: December 5, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.12.05 17:24:04 -05'00'

Michael F. Urbanski
Chief United States District Judge