IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEO BRANDON FARNSWORTH, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:21-cv-00463 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| RALPH NORTHAM, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## ORDER

Leo Brandon Farnsworth, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and asserting related claims under state law. The defendants moved to dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 5, 2022, the court granted the defendants' motion with respect to Farnsworth's claims under federal law and dismissed those claims without prejudice. The court's order afforded Farnsworth leave to correct the identified deficiencies and file an amended complaint. Farnsworth subsequently filed a motion to strike the defendants' motion to dismiss and a motion for reconsideration. For the following reasons, both motions are **DENIED**.

Because the court's previous order dismissed Farnsworth's federal claims with leave to amend, the order was interlocutory rather than final. See Britt v. DeJoy, 45 F.4th 790, 793 (4th Cir. 2022) (en banc) "[A]n order that dismisses a complaint with leave to amend is not a final decision because it means that the district court is not finished with the case."). Rule 54(b) of the Federal Rules of Civil Procedure permits a court to revise an interlocutory order any time

prior to final judgment. U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 256 (4th Cir. 2018). "Nevertheless, the discretion afforded by Rule 54(b) is not limitless," and the United States Court of Appeals for the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Id. at 256–57 (internal quotation marks and citation omitted). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Id. (internal quotation marks and citation omitted).

Applying these principles, the court concludes that Farnsworth is not entitled to relief under Rule 54(b). He has not identified any change in controlling law that would warrant reconsideration of the court's previous decision. Nor has he identified any clear error. Contrary to Farnworth's assertions, the court considered the affidavit Farnworth filed in response to the defendant's motion to dismiss, ECF No. 47, in ruling on the defendants' motion. Farnsworth's subsequent motions provide no basis to alter the court's conclusion that he "failed to plead facts sufficient to establish that any of the defendants violated his rights under the First Amendment or RLUIPA." Mem. Op., ECF No. 48, at 4. While Farnsworth may disagree with the court's decision, "[m]ere disagreement with a court's application of the law is insufficient to support a motion for reconsideration under Rule 54(b)." Warner v. Centra Health Inc., No. 6:19-cv-00055, 2020 WL 9598944, at *2 (W.D. Va. Dec. 21, 2020) (internal quotational marks and citation omitted).

For these reasons, Farnsworth's motion to strike the defendants' motion to dismiss, ECF No. 50, and his motion for reconsideration, ECF No. 51, are **DENIED**. If Farnsworth does not file an amended complaint within thirty (30) days of the entry of this order, this action will be dismissed without prejudice and stricken from the court's active docket.

The Clerk shall send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 11, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.05.11 13:04:47 -04'00'

Michael F. Urbanski
Chief United States District Judge